**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| BRANDON L CALLIER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. EP-23-CV-437-KC |
| § | |
| TIP TOP CAPITAL INC and VADIM § | |
| SHTIVELMAN, § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION**

On this day, the Court considered the above-captioned case. Plaintiff filed a Motion for Default Judgment ("Motion"), ECF No. 9, on January 23, 2024. On February 12, 2024, the Court referred the Motion to United States Magistrate Judge Robert F. Castaneda pursuant to 28 U.S.C. § 636(b) for proposed findings of fact and recommendations. Feb. 12, 2024, Text Order. On March 22, 2024, the Magistrate Judge filed a Report and Recommendation ("R&R"), ECF No. 10, recommending that the Motion be granted in part and denied in part. For the reasons below, the R&R is **ADOPTED** in part and **REJECTED** in part.

**I.   DISCUSSION**

   **A.   Standard**

      **1.   Report and Recommendation**

Parties have fourteen days from service of a Report and Recommendation of a United States Magistrate Judge to file written objections. *See* 28 U.S.C. § 636(b)(1)(C).[1] Over fourteen days have elapsed since all parties that have appeared were served with the R&R, and no

---

[1] Federal district courts conduct de novo review of those portions of a report and recommendation to which a party has objected. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge . . . shall make a de novo determination of those portions of the report . . . to which objection is made . . . .").

objections have been filed.  When parties do not file written objections, courts apply a "clearly erroneous, abuse of discretion and contrary to law" standard of review to a report and recommendation.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

### 2. Default judgment

The clerk of the court shall enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  After the clerk enters default, a party may move for a default judgment.  *See* Fed. R. Civ. P. 55(b); *see also N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  A court enters default judgment only if there is "a sufficient basis in the pleadings for the judgment entered."  *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).  In assessing whether the complaint contains a sufficient basis for a default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil Procedure 8.  *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).  Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Factual allegations made in a pleading must only "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'"  *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although a default judgment conclusively establishes a defendant's liability, it does not establish the amount of damages.  *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).  District courts have "wide latitude" regarding whether to hold an evidentiary hearing on the issue of damages.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see also* Fed. R. Civ. P. 55(b)(2)(B).  A hearing is unnecessary if "the amount claimed is a

liquidated sum or one capable of mathematical calculation." *United Artists Corp.* v. *Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### B.  Analysis

A recitation of the pertinent facts and procedural history may be found in the R&R.  R&R 1–4.  Plaintiff asserts claims against Defendants Tip Top Capital, Inc. ("Tip Top Capital") and Vadim Shtivelman for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(c), and Section 302.101 of the Texas Business & Commerce Code.  Compl. ¶¶ 60–69, ECF No. 3.

#### 1.  Claims against Tip Top Capital

The Magistrate Judge recommended denying entry of default judgment against Tip Top Capital, concluding that the Court lacks personal jurisdiction over Tip Top Capital because it "was not served correctly under the Federal Rules."  R&R 6 (citation omitted).  After reviewing the R&R's analysis as to Tip Top Capital, the Court agrees with the Magistrate Judge's proposed findings of fact and conclusions of law and finds that they are neither clearly erroneous nor contrary to law.  Accordingly, the Court adopts the R&R's unobjected-to recommendation as to Tip Top Capital.  *See Wilson*, 864 F.2d at 1221.  Because Plaintiff has neither objected to the R&R nor sought leave to serve Tip Top Capital at this juncture, the claims against Tip Top Capital are dismissed.

#### 2.  Claims against Shtivelman

As for Plaintiff's claims against Shtivelman, the Magistrate Judge recommended granting the Motion in part and denying it in part.  R&R 15–17.  The Magistrate Judge recommended entering default judgment in the amount of $27,500 for twenty-one TCPA violations but denying default judgment for Plaintiff's Texas law claims.  R&R 15–17.

Concluding that the Magistrate Judge's finding that Plaintiff is entitled to $27,500 in damages for Shtivelman's twenty-one phone calls in violation of § 227(c)—$500 per violation for four calls, and treble damages of $1,500 per violation for seventeen knowing and willful calls—is not clearly erroneous nor contrary to law, the Court adopts that unobjected-to finding. *See Wilson*, 864 F.2d at 1221.

The Court next considers the Magistrate Judge's recommendation that Plaintiff's request for default judgment be denied as to his state law claims against Shtivelman because his Complaint lacks adequate "factual allegations that Shtivelman violated [section] 302.101 and would not give Shtivelman notice that Plaintiff is accusing him of violating [section] 302.101." R&R 15–17.

As an initial matter, the Court rejects any finding that Shtivelman lacked actual notice of the claim against him—Plaintiff's Complaint states that the section 302.101 claim is brought "Against All Defendants." Compl. 12. That said, it is certainly the case that because Plaintiff alleges that Tip Top Capital—not Shtivelman himself—placed each of the phone calls, Shtivelman cannot be directly liable for those calls. *Horton v. Advantage One Brokers Corp.*, No. 22-cv-2474, 2023 WL 4188291, at *3 (N.D. Tex. June 5, 2023), *adopted*, 2023 WL 4188046 (June 26, 2023) (quoting *In re Joint Pet. filed by Dish Network, LLC*, 28 F.C.C. Rec. at 6582 ¶ 24 (2013)). However, several courts in the Fifth Circuit have determined that, as for TCPA claims, "federal common law principles of agency apply" to claims brought under section 302.101, such that the "conduct of the telemarketer who places the calls can be imputed to the seller if the telemarketer is an agent of the seller." *Guadian v. Progressive Debt Relief, LLC*, No. 23-cv-235-FM, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023), *adopted*, 2023 WL 8242475 (Nov. 28, 2023) (citations omitted); *see Forteza v. Pelican Inv. Holdings Grp., LLC*, No. 23-cv-

401, 2023 WL 9199001, at *6 (E.D. Tex. Dec. 27, 2023), *adopted*, 2024 WL 128206 (Jan. 11, 2024).

The Magistrate Judge recommended finding Shtivelman vicariously liable for Tip Top Capital's TCPA violations, under federal common law principles of agency. R&R 13–14. But the Magistrate Judge did not consider whether Shtivelman could be held responsible for the section 302.101 claims under those same principles. *See* R&R 14–15. And there appears to be no basis on which to find that Plaintiff's allegations regarding Shtivelman's personal oversight and direction of the phone calls at issue should not apply equally to all of Plaintiff's claims. *See, e.g.*, Compl. ¶¶ 45–48, 52–54. Stated differently, the same considerations that make Shtivelman liable for calls made by Tip Top Capital to Plaintiff while his telephone number was on the national do-not-call registry also render Shtivelman liable for calls placed to Plaintiff by Tip Top Capital without a valid Texas telephone solicitation registration. *See* R&R 13–14; Tex. Bus. & Com. Code § 302.101; *Horton*, 2023 WL 4188291, at *3.

Accordingly, the Court rejects the Magistrate Judge's findings as to Plaintiff's section 302.101 claim against Shtivelman and Plaintiff's entitlement to damages for Shtivelman's alleged violations. *See* R&R 15–16. Because Plaintiff sufficiently stated his section 302.101 claim against Shtivelman, Plaintiff is entitled to $5,000 in damages for each of Shtivelman's twenty-one violations, for a total of $105,000. Tex. Bus. & Com. Code § 302.302(a); *see* Mot. 10–11; Aff. Supp. Default J. ¶ 3, ECF No. 9-2.

### 3. Request for filing and service fees

Finally, the Magistrate Judge recommended denying Plaintiff's request for filing and service fees, concluding that "filing fees and fees on private process servers are not recoverable under the TCPA." R&R 16 (citing *Cunningham v. Greenstar Cap. Sols. LLC*, No. 18-cv-161,

2018 WL 4572711, at *8 (E.D. Tex. Aug. 1, 2018)).  However, Federal Rule of Civil Procedure 54 provides that, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Thus, once a prevailing party is determined, "[t]here is a strong presumption under Rule 54(d)(1) that [it] will be awarded costs."  *Harris v. Fresenius Med. Care*, No. 04-cv-4807, 2007 WL 1341439, at *5 (S.D. Tex. May 4, 2007) (citing *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006)).

>   Under 28 U.S.C. § 1920, recoverable costs include:
>
>   (1) Fees of the clerk and marshal;
>
>   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
>   (3) Fees and disbursements for printing and witnesses;
>
>   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>   (5) Docket fees . . . ;
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.
>
> *Id.* (quoting 28 U.S.C. § 1920).  "[F]ederal courts may only award those costs articulated

in section 1920 absent explicit statutory or contractual authorization to the contrary."  *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (first citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987); and then citing *Denny v. Westfield State Coll.*, 880 F.2d 1465, 1467–69 (1st Cir. 1989)).

   Courts have determined that "[f]ees of the clerk" include filing fees, so Plaintiff is entitled to recover his $402 filing fee.  *Griffin v. O'Brien, Wexler & Assocs., LLC*, No. 22-cv-970, 2023 WL 4303649, at *10 (E.D. Tex. June 30, 2023) (citations omitted).  But "costs for

private process servers are not recoverable, absent exceptional circumstances." *Zastrow v. Hous. Auto. M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017) (first citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997); and then citing *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010)). Plaintiff has not shown that exceptional circumstances justify awarding fees for the private process server, so he is not entitled to recover the $150 private process server fee. Accordingly, the Court adopts in part and rejects in part the Magistrate Judge's finding that Plaintiff is not entitled to recover filing and service fees and concludes that Plaintiff is entitled to recover the $402 filing fee but not the $150 service fee.

## II.   CONCLUSION

Accordingly, the Court **ADOPTS** in part and **REJECTS** in part the R&R, ECF No. 10, and **ORDERS** that Plaintiff's Motion for Default Judgment, ECF No. 9, is **GRANTED** in part and **DENIED** in part. The Motion is granted as to Plaintiff's claims against Shtivelman and denied as to Plaintiff's claims against Tip Top Capital.

**IT IS FURTHER ORDERED** that Defendant Vadim Shtivelman **SHALL PAY** Plaintiff $500 for each of the four phone calls made in violation of § 227(c); $1,500 for each of the seventeen knowing and willful phone calls made in violation of § 227(c); and $5,000 for each of the twenty-one phone calls made in violation of Texas Business & Commerce Code § 302.101, for a total damages award of $132,500.

**IT IS FURTHER ORDERED** that Defendant Vadim Shtivelman **SHALL PAY** Plaintiff $402 in costs of Court.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Tip Top Capital are **DISMISSED** for defective service.

The Clerk shall close the case.

**SO ORDERED.**

**SIGNED this 16th day of April, 2024.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE